**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 28 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GREG HATTO, | No. 12-55302 |
| Plaintiff - Appellant, | D.C. No. 2:11-cv-05156-SVW-MRW |
| v. | |
| HOME DEPOT USA, INC., | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Argued and Submitted January 9, 2014
Pasadena, California

Before: REINHARDT and CLIFTON, Circuit Judges, and RAKOFF, Senior District Judge.[**]

Home Depot terminated Greg Hatto's employment on the stated ground that

Hatto had threatened to harm a coworker. Hatto sued, contending that this reason

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Jed S. Rakoff, Senior District Judge for the U.S. District Court for the Southern District of New York, sitting by designation.

1

was merely pretext and that he was in fact fired in retaliation for having reported that same coworker for violating Home Depot's return policy. Hatto raises three claims under California law: wrongful termination in violation of public policy, breach of an implied contract to terminate for good cause only, and defamation. The district court granted summary judgment to Home Depot, and we affirm.

Hatto's claim that he was wrongfully terminated in violation of public policy fails as a matter of law because his activity of reporting his coworker benefitted only Home Depot, and not the public. "When an employee's disclosure of information to his employer serves only the employer's private interest, the employee has not stated a claim for wrongful termination" in violation of public policy. *Rivera v. Nat'l R.R. Passenger Corp.*, 331 F.3d 1074, 1079 (9th Cir. 2003) (citing *Gould v. Md. Sound Indus., Inc.*, 31 Cal. Rptr. 2d 718, 725 (Ct. App.1995)).

Next, assuming without deciding that there was an implied contract not to terminate except for good cause, because Home Depot terminated Hatto after it conducted an investigation, allowed Hatto a chance to respond, weighed the credibility of the people interviewed, and concluded that Hatto had violated the workplace policy against threatening a coworker with physical violence, Hatto raises no genuine issue of material fact as to his termination for good cause. *See Cotran v. Rollins Hudig Hall Int'l, Inc.*, 948 P.2d 412, 422 (Cal. 1998).

2

Finally, Hatto's claim of defamation fails as a matter of law because the statements he alleges to be defamatory were privileged, *see King v. United Parcel Serv., Inc.*, 60 Cal. Rptr. 3d 359, 372 (Ct. App. 2007), and privileged statements are not subject to defamation claims, *see Smith v. Maldonado*, 85 Cal. Rptr. 2d 397, 402 (Ct. App. 1999). Hatto's compelled self-defamation claim fails because he has raised no issue of material fact that there was a "strong compulsion" to tell prospective employers why he had been terminated by Home Depot. *See Davis v. Consol. Freightways*, 34 Cal. Rptr. 2d 438, 448 (Ct. App. 1994).

**AFFIRMED**.